**UNITED STATE DISTRICT COURT**
**MIDDLE DISTRICT OF LOUISIANA**

FILED
U.S. DIST COURT
MIDDLE DIST. OF LA

*****************************************************************************

2005 JAN 19 P 4:51

| | | |
|---|---|---|
| CURTIS WALTERS | * | CIVIL ACTION NO:__________ |
| VERSUS | * | CLERK: SIGN ______ BY DEPUTY CLERK |
| DIXON CORRECTIONAL INST. | * | |
| JAMES LEBLANC, WARDEN | | DATE FILED:______________ |
| CONNIE KENNEDY, RECORD ANALYST | * | |
| IVY MILLER, CLASSIFICATION DIRECTOR | | CV 05-48-C-M1 |
| CONNIE BOWSER, ARP SCREENING OFFICER, ET.AL. | * | |

*****************************************************************************

**MEMORANDUM IN SUPPORT OF CLAIM FOR A COMPLAINT UNDER THE CIVIL RIGHTS ACT, 42 U.S.C. § 1983**

**MAY IT PLEASE THIS COURT:**

NOW INTO THIS HONORABLE COURT COMES, **CURTIS WALTERS**, PLAINTIFF, WHO MOVED THE COURT AS FOLLOWS:

**STATEMENT OF CLAIM**

ON OR ABOUT MARCH 15, 2004, PLAINTIFF RECEIVED A RESPONSE FROM RECORDS ANALYST EVELYN PERKINS, RELATIVE TO A LETTER OF INQUIRY THAT HAD BEEN CHANNELED THROUGH THE DIXON CORRECTIONAL INSTITUTE'S CLASSIFICATION OFFICE CONCERNING THE PLAINTIFF BEING DENIED ELIGIBILITY FOR **PAROLE** BY DIXON CORRECTIONS RECORDS DEPARTMENT IN A COMPUTATION OF PLAINTIFF'S SENTENCE AND PAROLE DATE BY RECORDS ANALYST STEFANIE ROGERS IN WHICH WAS AFFIRMED BY RECORDS DEPARTMENT EMPLOYEE JEWEL WILLIAMS. AS A RESULT OF PLAINTIFF'S LETTER OF INQUIRY, MS. EVELYN PERKINS STATED THAT THERE WAS NO ERROR AND THE REASON FOR PLAINTIFF'S ELIGIBILITY FOR PAROLE BEING DENIED WAS DUE TO HIM BEING A FOURTH FELONY OFFENDER. IN A SECOND ATTEMPT TO RESOLVE THIS MATTER, PLAINTIFF MET WITH RECORDS DEPARTMENT EMPLOYEE, JEWEL WILLIAMS IN THAT MEETING PLAINTIFF

INFORMED MRS. WILLIAMS THAT **HE** WAS ONLY A FIRST OFFENDER DUE TO HIS FIRST THREE PRIOR OFFENSES BEING IN FACT MISDEMEANORS IN THE STATE OF LOUISIANA DURING THE TIME OF PLAINTIFF'S CONVICTION AND SENTENCE AND THAT IT WAS ONLY AFTER HIS 1991, CONVICTION AND THE CHANGE IN LOUISIANA LAW IN 1995, THAT THE DIXON CORRECTION RECORDS DEPARTMENT, RECALCULATED PLAINTIFF'S SENTENCE MAKING **HIM** A FOURTH FELONY OFFENDER, USING AN ERRONEOUS INTERPRETATION OF LAW, THUS MAKING PLAINTIFF INELIGIBLE FOR PAROLE AFTER COMPLETING ONE-THIRD(1/3) OF HIS THIRTY(30) YEAR SENTENCE IN ACCORDANCE WITH THE THEN SENTENCE REQUIREMENTS AT THE TIME OF **HIS** CONVICTION AND SENTENCE. MRS. WILLIAMS, AFTER DISCUSSIONS HELD THAT DIXON CORRECTION RECORDS ANALYST EVELYN PERKINS AND THE RECORDS DEPARTMENT DID NOTHING WRONG AND FURTHER INFORMED PLAINTIFF THAT THE ERROR WOULD NOT BE CORRECTED BY RECORDS STAFF, THEREFORE, IF HE (PLAINTIFF) WISHED HE COULD PROCEED TO TAKE WHATEVER LEGAL ACTION HE DEEM TO BE APPROPRIATE.

THEREFORE, ON APRIL 12, 2004, PLAINTIFF FILED AN EMERGENCY GRIEVANCE TO THE LOUISIANA DEPARTMENT OF PUBLIC SAFETY AND CORRECTIONS, SECRETARY RICHARD STALDER, SEEKING HIS IMMEDIATE RELEASE FROM AN ILLEGAL CONFINEMENT BASED UPON THE FACT THAT DIXON CORRECTIONS DENIAL TO PROPERLY COMPUTE PLAINTIFF'S SENTENCE AWARDING ELIGIBILITY FOR PAROLE AS WELL AS THEIR ILLEGAL USE OF EX POST FACTO APPLICATION OF A NEWLY ENACTED STATUE. AFTER PLAINTIFF'S EMERGENCY GRIEVANCE WAS ACCEPTED ON MAY 21, 2004, THIS MATTER WAS FIRST PLACED BEFORE THE PAROLE BOARD FOR ITS REVIEW AND LATER TRANSFERRED ON JUNE 1, 2004, TO THE WARDEN'S OFFICE AT DIXON CORRECTIONAL INSTITUE, IN ORDER FOR PLAINTIFF'S GRIEVANCE TO RECEIVE A RESPONSE AS A PART OF THE ADMINISTRATIVE EXHAUSTION PROCESS. WHEREFORE, ON JULY 14, 2004, LEGAL RESPONDENT CONNIE KENNEDY FOR DIXON CORRECTIONS ISSUED A RESPONSE STATING, **" THAT EVEN THOUGH PLAINTIFF'S OFFENDER CLASS WAS INCORRECT, THE JUDGE SENTENCED HIM WITHOUT PAROLE, THUS DENYING PLAINTIFF RELIEF THROUGH ADMINISTRATIVE GRIEVANCE AT THE FIRST LEVEL."**

PLAINTIFF BEING UNSATISFIED WITH DIXON CORRECTIONS DECISION, HE SOUGHT RELIEF AT THE SECOND LEVEL AT **"HEAD QUARTERS,"** OVER DIXON CORRECTIONS WITH SUPPORTING DOCUMENTATION SHOWING THAT THE STATUE UNDER WHICH PLAINTIFF WAS CONVICTED DOES IN FACT CARRY **PAROLE,** THE JUDGE IS WITHOUT DISCRETION TO SENTENCE HIM WITHOUT THE BENEFIT OF PAROLE.

AS A RESULT OF PLAINTIFF'S SECOND STEP RESPONSE AT HEAD QUARTERS LEVEL, THE SECRETARY ISSUED A RESPONSE AFTER REVIEWING PLAINTIFF'S GRIEVANCE IN A MEETING WITH DCI STAFF HEAD QUARTERS HELD IN ITS FINAL DECISION THAT PLAINTIFF'S CLAIM WAS WITH MERIT AND FURTHER THAT THEIR (DCI) RECORDS DEPARTMENT ILLEGAL USE OF EX POST FACTO APPLICATION OF LAW HAS RESULTED IN THE PLAINTIFF'S FALSE IMPRISONMENT FOR CLOSE TO FIVE(5) YEARS WAS VALID AND AS A RESULT GRANTED PLAINTIFF'S REQUEST FOR RELIEF IN WHICH ENTITLED HIM TO RELIEF OF WHICH PLAINTIFF REQUESTED AN IMMEDIATE RELEASE. THE DEPARTMENT OF CORRECTIONS FURTHER ALLOWED PLAINTIFF TO RESERVE THE RIGHT TOWARDS AN OPTION TO AMEND THIS MATTER AS WELL ORDERED THAT THE VALIDATING EMPLOYEE BE TERMINATED AND NO ACT OF RETALIATION BE TAKEN AGAINST PLAINTIFF.

HOWEVER, (DCI) ADMINISTRATION FAILED TO CARRY OUT HEAD QUARTER'S ORDER BY VIOLATING ITS ORDER AFTER THEY COMMITTED RETALIATION WHEN REFUSING TO HONOR PLAINTIFF'S IMMEDIATE RELEASE AS REQUIRED BY LAW. THE RECORD DEPARTMENT COMMITTED AGGRAVATED MALFEASANCE IN ABUSING THEIR AUTHORITY TO ALTER PLAINTIFF'S FILE AND PLACE FALSIFIED INFORMATION WITHIN THE RECORD. THE DIRECTOR OF CLASSIFICATION MR. IVY MILLER ALSO COMMITTED AN ACT OF RETALIATION AGAINST PLAINTIFF WHICH FURTHER CAUSED INJURY TO PLAINTIFF WHEN MR. MILLER ABUSED HIS AUTHORITY TO REFUSE PROCESSING PLAINTIFF'S PAPERWORK TO AVOID HIS IMMEDIATE RELEASE AND DENY PLAINTIFF ACCESS TO ANY WORKRELEASE/HALFWAY HOUSE REHABILITATIVE PROGRAMS. MR. MILLER CONTINUED IN HIS ACT OF RETALIATION BY TAMPERING WITH PLAINTIFF'S LEGAL MAIL IN COLLABORATION WITH DCI'S MAIL ROOM DEPARTMENT WITH-HOLDING IT FROM BEING PROPERLY MAILED OUT TO A PUBLIC STATE

OFFICIAL RELATIVE TO THE INSTANT ACTION.

THROUGH THIS SPUR OF EVENTS PLAINTIFF FILED YET ANOTHER GRIEVANCE WITH THE DIXON CORRECTION ADMINISTRATIVE REMEDY SCREENING OFFICE IN RESPONSE TO MR. MILLER'S BEHAVIOR (AMONG OTHERS) TO HAVE THESE ARPS REJECTED FOR PROPER ACCEPTANCE BY A MRS. CONNIE BOWSER HEAD OF DCI'S ARP SCREENING OFFICE. FURTHER, MRS. BOWSER HAS CONTINUED TO REFUSE PROCESSING ANY AND ALL ARPS RELATIVE TO THE ABOVE MATTER THUS HINDERING PLAINTIFF OF EXHAUSTION OF THE ADMINISTRATIVE REMEDY PROCESS. WHICH, IN CONCLUSION ALSO, RESULTS IN YET ANOTHER METHOD OF RETALIATION BY DCI STAFF AND MRS. BOWSER.

WHEREFORE, PLAINTIFF PRAYS THAT THIS HONORABLE COURT CONSIDER THE FOREGOING CLAIM IN THE INSTANT ACTION.

RESPECTFULLY SUBMITTED BY:

Curtis Walters #293353

**CURTIS WALTERS**
**#293353 - DORM #12**
**DCI - P.O. BOX 788**
**JACKSON, LA 70748**